```
                                                    U.S. DISTRICT COURT
                                                 NORTHERN DISTRICT OF TEXAS
                                                          FILED
                                                        AUG - 8 2017
                                                  CLERK, U.S. DISTRICT
                                                  By_____
                                                         Deputy
```

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TIMOTHY DOYLE YOUNG, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | No. 3:17-CV-1548-G |
| ) | |
| JASON SICKLER and THE DEPARTMENT ) | |
| OF JUSTICE, ) | |
|     Defendants. ) | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3 this case has been referred for screening.

### I. BACKGROUND

Plaintiff, a federal inmate in Colorado, filed this *pro se* civil rights action against Bureau of Prisons Regional Counsel Jason Sickler, and the Department of Justice. Plaintiff failed to pay the $400 filing fee, and he is barred from proceeding *in forma pauperis*. For the following reasons, the Court recommends that the case be summarily dismissed as barred by three strikes unless Plaintiff pays the $400 filing fee within fourteen days of the date of the Court's Findings, Conclusions and Recommendation.

### II. ANALYSIS

Title 28 U.S.C. § 1915(g), the "three-strike" provision of the Prison Litigation Reform Act (PLRA), precludes a prisoner from bringing a civil action *in forma pauperis* if on three or more prior occasions, while confined as a prisoner, he filed civil actions or appeals in federal court which were dismissed, either by a district court or appellate court, as being frivolous, malicious, or for failing to state a claim. *See Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007); *Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996).

Plaintiff has had three prior civil actions dismissed as frivolous or for failure to state a claim upon which relief may be granted. *See Young v. Crank*, No. 3:13-CV-0389-G-BK (N.D. Tex., Dallas Div., Mar. 1, 2013) (collecting prior dismissals for frivolousness and finding Plaintiff barred by three strikes).

Having accumulated three "strikes," section 1915(g) precludes Plaintiff from proceeding in this action *in forma pauperis* unless he alleges a claim of "imminent danger of serious physical injury" at the time of filing the complaint. *See Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998). While Plaintiff states Defendant Sickler has failed to provide him a copy of his Hepatitis C test, he has failed to show that Defendant Sickler's action places him imminent danger of physical injury. Therefore, the District Court should bar Plaintiff from proceeding *in forma pauperis* under § 1915(g). *See Adepegba*, 103 F.3d at 388.

## III. RECOMMENDATION

For the foregoing reasons, the Court recommends that the District Court deny Plaintiff leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g). The Court further recommends that the District Court dismiss this action pursuant to § 1915(g), unless Plaintiff tenders the $400.00 filing fee to the District Clerk within fourteen (14) days of the filing of this recommendation.

SIGNED this 8 day of August, 2016.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).